**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**STANLEY MONTGOMERY**                                                       **PLAINTIFF**

**V.**                         **NO. 4:15CV21-DMB-JMV**

**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS, ET AL.**                                                       **DEFENDANTS**

## ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal under the "three strikes" provision of the Prison Litigation Reform Act. Plaintiff, an inmate housed at the Mississippi State Penitentiary, has submitted a *pro se* complaint pursuant to 42 U.S.C. § 1983, challenging his continued confinement and claiming that Defendants have treated him unprofessionally. Doc. #1. He has also submitted an application to proceed *in forma pauperis* in this action. Doc. #2.

The Court finds that Plaintiff is barred from proceeding *in forma pauperis* in this § 1983 action because of the "three strikes" provision of 28 U.S.C. § 1915(g). Section 1915(g) provides that an inmate may not proceed *in forma pauperis* in a civil action if he has had three or more cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff accumulated at least two strikes in this Court under the provisions of the Prison Litigation Reform Act: *Montgomery v. Mississippi Department of Corrections*, 1:14cv8-SA-JMV (failure to state claim); and *Montgomery v. Palmer*, 1:12cv73-SA-SAA (failure to state claim). He also accumulated at least one strike in the United States District Court for the Southern District of Mississippi: *Montgomery v. Mississippi Department of Corrections*, 3:14cv79-DPJ-FKB (malicious filing of

duplicative lawsuit). Plaintiff has thus accumulated at least three strikes and cannot file any future prisoner suits as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

In the instant suit, Plaintiff's allegations do not raise an inference that he is in immediate danger of serious physical harm. Therefore, his motion to proceed *in forma pauperis* is **DENIED**, and the present case is **DISMISSED without prejudice**. If Plaintiff wishes to pursue the claims asserted in this case, he may pay the filing fee and thereafter litigate his complaints.[1]

**SO ORDERED**, this 19th day of May, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff is advised that he must seek a determination of whether he is entitled to a release from custody through a petition for a writ of habeas corpus, not through a § 1983 action. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).